IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-240-RJC

| | |
|---|---|
| JAMES MARION MASSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| REUBEN YOUNG, Secretary, ) | |
| GRADY MASSEY, Administrator, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's motion to proceed without prepaying fees and costs ("IFP"), (Doc. No. 3), and to hold this case in abeyance pending exhaustion of state remedies. (Doc. No. 4).

I. **BACKGROUND**

On April 20, 2012, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1). Petitioner indicates that he was convicted in the State of North Carolina in Mecklenburg County Superior Court, on November 3, 2008, of three counts of robbery with a dangerous weapon and carrying a concealed weapon. Petitioner reports that he was sentenced to three consecutive sentences of 76 to 101 months each in the custody of the North Carolina Department of Corrections and that he is presently serving his sentence. (Id. at 2). The North Carolina Department of Public Safety Offender Public Information website reports that Petitioner, Offender Number 1111966, was admitted to his current place of incarceration, Caledonia Correctional Institution, on November 6, 2008.

## II.     IFP

In addition to his affidavit, Petitioner includes a copy of his Prisoner Trust Fund Account Statement which shows a balance of $.03 as of April 1, 2012. (Doc. No. 3). The Court has examined the statement and is of the opinion that Petitioner's IFP motion should be granted. 28 U.S.C. § 1915.

## III.    ABEYANCE

Federal habeas review is only available after a petitioner has exhausted all available state remedies.  28 U.S.C. § 2254(b)(1)(A).  However, in limited circumstances a petitioner may file a placeholder petition before fully exhausting his state remedies and stay the federal action while he completes exhaustion.  See Rhines v. Weber, 544 U.S. 269, 270 (2005).  This "stay-and-abeyance" procedure is only available where the petitioner can demonstrate good cause for his failure to exhaust his claims.  Id.  Even where good cause exists, the Court must conduct an initial review of the merits of the petition because the Court cannot grant a stay when the unexhausted claims are plainly meritless.  Id.

Petitioner has shown good cause for his delay in pursuing his state remedies.  He contacted North Carolina Prisoner Legal Services soon after the North Carolina Supreme Court denied discretionary review of his direct appeal, but they did not file a Motion for Appropriate Relief on his behalf until one year after his conviction became final.  (Doc. Nos. 1 at 2; 4 at 2). Thus, a delay in filing a federal habeas petition of even one day following the exhaustion of his state remedies would bar federal review.  28 U.S.C. § 2244(d)(1).  Petitioner points to Prisoner Legal Services' intensive investigation of his case and its overwhelming caseload to justify his year-long delay.  (Doc. No. 4 at 2).  Petitioner does not appear to be engaged in dilatory tactics. He filed, and was denied, a Motion for Appropriate Relief and has already filed a petition for a

writ of certiorari with the North Carolina Court of Appeals. (Doc. No. 1 at 1-2). Petitioner has shown good cause for the delay in his state exhaustion efforts.

Petitioner raises two grounds for relief: (1) ineffective assistance of counsel in failing to file a motion to suppress witness identifications on due process grounds; and (2) ineffective assistance of counsel in failing to move to exclude the same witness identifications on 403 grounds. Petitioner's arguments both center around his exception to a "show-up" procedure in which the police told three eye witnesses that they had "caught someone" before the witnesses identified Petitioner while he was being held by four or five police officers in the rain. (Doc. Nos. 1 at 6-7; 1-2 at 8). Petitioner's claims are not plainly meritless. See North Carolina v. Rawls, 700 S.E.2d 112, 118 (N.C. Ct. App. 2010); North Carolina v. Richardson, 402 S.E.2d 401, 405 (N.C. 1991). Therefore, a stay is warranted in this case.

The Court must place reasonable time limits on any stay of a federal habeas action. Rhines, 544 U.S. at 270. Therefore, the Court will stay this case for ninety days while Petitioner pursues his state remedies. The Court Orders Petitioner to file a status report upon the earlier of fourteen days after he exhausts his state remedies or ninety days from the date of this Order. Failure to obey this Order will result in the dismissal of Petitioner's petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Proceed without Prepayment of Fees and Costs, (Doc. No. 3), is **ALLOWED**;

2. Petitioner's Motion to Hold Federal Habeas Proceedings in Abeyance, (Doc. No. 4), is **GRANTED**;

3. This matter is stayed for ninety days while Petitioner pursues his state remedies; and

4. Petitioner shall file a status report upon the earlier of fourteen days after he exhausts his state remedies or ninety days from the date of this Order.

Signed: May 24, 2012

Robert J. Conrad, Jr.
Chief United States District Judge